*Order Filed on 01/10/2012 by Clerk U.S. Bankruptcy Court District of New Jersey*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

*Caption in compliance with D.N.J. LBR 9004-2(c)*

**McCARTER & ENGLISH, LLP**
Charles A. Stanziale, Jr.
Joseph Lubertazzi, Jr.
Lisa S. Bonsall
Jeffrey T. Testa
Scott H. Bernstein
Four Gateway Center, 100 Mulberry Street
Newark, NJ  07102
Telephone: (973) 622-4444/Facsimile:  (973) 624-7070
*Counsel for the Reorganized Debtors*

   - and -

**WEIL, GOTSHAL & MANGES LLP**
Michael Walsh
J. Philip Rosen
Ted S. Waksman
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000/Facsimile: (212) 310-8007
*Co-Counsel for Reorganized Debtors*

In re:
TCI 2 HOLDINGS, LLC, et al.,
        Reorganized Debtors.

Chapter 11
Case No. 09-13654 (JHW)
(Jointly Administered)

## FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASES

The relief set forth on the following pages, numbered pages two (2) through four (4) is hereby ORDERED.

**DATED: 01/10/2012**

_____
Judith H. Wizmur, Chief Judge
United States Bankruptcy Court

ME1 12774193v.1
ME1 12814593v.1

**Page:** 2
**Debtors**: TCI 2 Holdings, LLC, et al.
**Lead Case No.**: 09-13654 (JHW)
**Caption:** Final Decree and Order Closing the Chapter 11 Cases

This matter coming before the Court on the application, dated December 30, 2011 (the "Application") of the reorganized debtors Trump Entertainment Resorts, Inc., Trump Entertainment Resorts Holdings, L.P., Trump Entertainment Resorts Funding, Inc., Trump Entertainment Resorts Development Company, LLC, Trump Taj Mahal Associates, LLC, d/b/a Trump Taj Mahal Casino Resort, Trump Plaza Associates, LLC, d/b/a Trump Plaza Hotel and Casino, and Trump Marina Associates, LLC, d/b/a Trump Marina Hotel Casino (collectively, the "Reorganized Debtors") for entry of a final decree and order (collectively, the "Final Decree") closing their chapter 11 cases (the "Chapter 11 Cases"), pursuant to section 350(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court finding that: (i) it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, section 11(o) of the Plan (as defined in the Application), and paragraph 55 of the Confirmation Order (as defined in the Application), (ii) venue of the Application and the Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), (iv) proper and adequate notice of the Application and the hearing thereon has been given and no other or further notice is necessary, and (v) good and sufficient cause exists for the granting of the relief provided herein after having given due deliberation upon the Application, the certification of Frederick T. Cunningham in support of the Application, and all of the proceedings had before this Court. Therefore,

ME1 12774193v.1
ME1 12814593v.1

*Approved by Judge Judith H. Wizmur January 10, 2012*

**Page:** 3
**Debtors**: TCI 2 Holdings, LLC, et al.
**Lead Case No.**: 09-13654 (JHW)
**Caption:** Final Decree and Order Closing the Chapter 11 Cases

**THE COURT FINDS that:**

A. The Confirmation Order has become final;

B. The Plan does not require any deposits;

C. The Plan has been substantially consummated;

D. The property required to be transferred by the Plan has been transferred;

E. Each of the Reorganized Debtors has assumed the business and management of the property dealt with by the Plan;

F. Substantially all payments required under the Plan have been made; and

G. The Reorganized Debtors have represented that all statutory fees have been paid or will be paid within fifteen (15) days of the entry of this Order on the Court's docket.

THE COURT THEREFORE ORDERS, ADJUDGES AND DECREES that:

1. The Application shall be, and hereby is, GRANTED with the amended relief requested so that the Chapter 11 Cases of each of the Reorganized Debtors shall be, and hereby are, closed as of the date this Order is executed by the Court, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022 (the "Closing Date").

2. Notwithstanding the closing of the Chapter 11 Cases, pursuant to the terms of the Plan and the Confirmation Order, the Court shall retain jurisdiction to hear and determine all matters relating to the Reorganized Debtors' Chapter 11 Cases, including but not limited to (a) any disputes related to whether any agreement, document, letter, or contract constitutes an executory contract or unexpired lease assumed under the Plan and matters related thereto, and (b) the Reorganized Debtors' application to discharge their court-appointed claims and noticing

ME1 12774193v.1
ME1 12814593v.1

*Approved by Judge Judith H. Wizmur January 10, 2012*

**Page:** 4
**Debtors**: TCI 2 Holdings, LLC, et al.
**Lead Case No.**: 09-13654 (JHW)
**Caption:** Final Decree and Order Closing the Chapter 11 Cases

agent, without prejudice to the Reorganized Debtors' right to reopen any of the Chapter 11 Cases pursuant to section 350(b) of the Bankruptcy Code.

3. The Reorganized Debtors, shall be, and hereby are, not obligated to pay quarterly fees (the "Quarterly Fees") to the Office of the United States Trustee for the District of New Jersey, after the Closing Date provided, however, that within fifteen (15) days following the Closing Date, the Reorganized Debtors shall file post-confirmation reports of distributions, all outstanding quarterly operating reports through the Closing Date, and pay any and all statutory fees due through the Closing Date pursuant to 28 U.S.C. § 1930(a)(6) to the Office of the United States Trustee.

4. Should the Reorganized Debtors fail to comply with this Order, the Chapter 11 Cases will be reopened, *nunc pro tunc* to the date this Order is entered, upon submission of a certificate of default by the United States Trustee, by and through counsel, on five (5) days' notice to the Reorganized Debtors and the Reorganized Debtors' counsel, without the need for filing a separate motion to reopen the Chapter 11 Cases. The Reorganized Debtors have consented to the reopening of these Chapter 11 Cases pursuant to the procedures set forth herein.

5. The requirement under D.N.J. LBR 9013-2 of filing a brief shall be, and hereby is, waived.

6. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

ME1 12774193v.1
ME1 12814593v.1

*Approved by Judge Judith H. Wizmur January 10, 2012*